UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle A. Hollaway,<br><br>              Plaintiff,<br><br>    v.<br><br>Gemini Direct LLC dba Credit Innovation Group,<br><br>              Defendant. | No. 2:24-cv-00642-KJM-CKD<br><br>ORDER |
| Michael E. Hollaway,<br><br>              Plaintiff,<br><br>    v.<br><br>Gemini Direct LLC dba Credit Innovation Group,<br><br>              Defendant. | No. 2:24-cv-00644-KJM-CKD<br><br>ORDER |

       Defendant Gemini Direct LLC, which does business as Credit Innovation Group, moves to compel arbitration of plaintiff Michelle Hollaway's claims in Case No. 24-642 above.[1]  ECF

---

[1] All citations refer to documents filed in Case No. 24-642 unless otherwise noted.

1

No. 16.  The motion is fully briefed.  *See* Mem., ECF No. 16-1; Opp'n, ECF No. 18; Reply, ECF No. 20.  The court took the matter under submission without hearing oral arguments.

      Hollaway does not dispute that she electronically signed an agreement to arbitrate "[a]ny dispute arising between [herself] and the Company," i.e., Credit Innovation.  Timpson Decl. Ex. 1 at 13, ECF No. 16-2 (under seal).[2]  Because Hollaway agreed to arbitrate any disputes between herself and Credit Innovation, this court must grant Credit Innovation's motion to compel arbitration unless the arbitration agreement is invalid or cannot be enforced.  *See* 9 U.S.C. § 2 (providing that agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"); *id.* § 4 (permitting motions to compel arbitration); *id.* § 3 (requiring stays of actions referred to arbitration).

      Hollaway argues her contract with Credit Innovation is invalid under the federal Credit Repair Organizations Act.  *See* Opp'n at 3–6.  Her arbitration agreement with Credit Innovation provides that arbitration will be governed by "the Commercial Rules of the American Arbitration Association."  Timpson Decl. Ex. 1 at 13.  Under those rules, "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the validity of any claim or counterclaim, without any need to refer such matters first to a court."  American Arbitration Association, Commercial Rules and Mediation Procedures R-7(a) (Sept. 1, 2022).[3]  By referring to the American Arbitration Association's rules, the arbitration agreement "clearly and unmistakably" delegated the resolution of Hollaway's arguments about the Credit Repair Organization Act to the arbitrator.  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).  Hollaway has not shown her agreement to delegate the resolution of that claim was itself invalid or unenforceable.  Her arguments relate to the broader contract and the requirements of the Credit Repair Organizations Act.  Under binding Supreme Court authority, this court must therefore

---

    [2] The page numbers cited here are those applied by the CM/ECF system at the top right of each page.

    [3] https://www.adr.org/sites/default/files/Commercial-Rules_Web.pdf (visited July 15, 2024).  The court takes judicial notice of these rules.  *See, e.g.*, *Fischer v. Kelly Servs. Glob., LLC*, No. 23-1197, 2024 WL 382181, at *7 (S.D. Cal. Jan. 31, 2024) (granting request for judicial notice of American Arbitration Association rules).

enforce the delegation.  *See CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 104–05 (2012) (holding claims based on Credit Repair Organizations Act may be referred to arbitration); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71–72 (2010) (holding delegation agreements enforceable unless delegation agreement itself invalid or unenforceable).

The court **grants** the motion to compel arbitration (ECF No. 16 in Case No. 24-642).  This action is **stayed** pending arbitration.  The court **denies** plaintiff's request for sanctions against defendant for revealing her social security number on the public docket.  *See* Opp'n at 3 n.1.  Defendant promptly corrected the issue, and there is no sign the disclosure was intentional.  *See* Notice, ECF No. 19; Reply at 3 n.1.

A functionally identical motion to compel arbitration of claims by Michael E. Hollaway, the spouse of Michelle A. Hollaway, also is pending in the related case, No. 24-644, ECF No. 5.  The court **grants** that motion for the reasons provided above and **stays** Case No. 24-644 pending arbitration.

The court orders the parties in both actions **to show cause within fourteen days** why these actions should not be consolidated for all purposes.  The court also orders the parties in both actions to file a joint status report **within seven days of the date the arbitration is completed**.  All other dates and deadlines in both cases are **vacated**.

IT IS SO ORDERED.

DATED:  October 24, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3